Thomasson v. Brown

DANIEL W. THOMASSON v. VICKY DARLENE BROWN AND JAMES
FRANKLIN BROWN

No. 8315SC329

(Filed 21 February 1984)

**Appeal and Error § 49— exclusion of evidence not prejudicial**

In an action in which plaintiff sought to recover damages for personal injuries allegedly resulting from the negligence of defendant in the operation of a motor vehicle, any error committed by the trial judge in excluding testimony which tended to show that defendant was negligent when she drove a van through a stop sign into an intersection and blocked plaintiff's lane of travel could not have been prejudicial to the plaintiff since the jury concluded that defendant was negligent and that her negligence was a proximate cause of plaintiff's injury.

APPEAL by plaintiff from *Bowen, Judge.* Judgment entered 1 September 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 16 February 1984.

This is a civil action wherein plaintiff seeks to recover damages for personal injuries allegedly resulting from the negligence of defendant Vicky Brown in the operation of a motor vehicle. At trial, the evidence tended to show the following:

Inside the city of Burlington, North Carolina, Maple Avenue is a four-lane highway running north and south. Maple Avenue is intersected by Cameron Street, which runs east and west. Before the accident herein involved, defendant Vicky Brown was operating a 1976 Dodge van in an easterly direction along Cameron Street, approaching the Maple Avenue intersection. Plaintiff was operating a 1975 Jeep owned by the United States Postal Service in a northerly direction on Maple Avenue, approaching the Cameron Street intersection. At the intersection, Maple Avenue is the dominant street and Cameron Street the servient. Defendant Vicky Brown drove her vehicle into the intersection and stopped the van, blocking at least a portion of the inside northbound lane of Maple Avenue. Plaintiff, approaching from the south in the inside northbound lane of Maple Avenue at approximately twenty-five miles per hour, "turned the wheels sharply to the right" to avoid hitting defendants' van. The Jeep "hit the curbing and rolled over," injuring plaintiff. Plaintiff's vehicle did not strike defendants' van.

The following issues were submitted to and answered by the jury as indicated:

1. Was the plaintiff, Daniel W. Thomasson, injured and damaged by the negligence of the defendant Vicky Darlene Brown?

ANSWER: Yes

2. Did the plaintiff, Daniel W. Thomasson, contribute to his own injuries and damages?

ANSWER: Yes

3. What amount of damages, if any, is the plaintiff, Daniel W. Thomasson, entitled to recover?

ANSWER:

From a judgment entered on the verdict, plaintiff appealed.

*Ross and Dodge, by Harold T. Dodge, for plaintiff, appellant.*

*Perry C. Henson, Jr., and Jill R. Wilson for defendants, appellees.*

HEDRICK, Judge.

Plaintiff brings foward and argues in his brief only three assignments of error. The first two relate to the exclusion of testimony regarding "visibility" from the crest of the hill south of the intersection to the intersection. The third relates to the exclusion of a statement given by one of plaintiff's witnesses to another, a Post Office official.

With regard to how the accident occurred, plaintiff testified as follows:

I was in the inside lane on the right-hand side of the road going back toward the Post Office delivering the Jeep and I stopped at Tucker Street for the stoplight and I pulled off and crested the hill and I was about halfway down the hill between there and Cameron Street and this van shot out of Cameron Street and did not stop, and I looked in the little mirror they got on the side of the Jeeps, on each side, to see if there was anything coming to the right and wasn't nothing coming and I touched the brakes, and I seen that wasn't go-

ing to work, so I cut my wheels hard to the right and blowed the horn, and I went in Cameron Street and hit the curbing and rolled over. . . . I was driving in the center lane on the right-hand side traveling in a northerly direction. . . . Between Tucker Street and Cameron Street, it's an incline there, a knoll, and I went up that grade and went over it, and I was approximately eighty-five feet from the intersection when I seen the van come out. I was done over the hillcrest, and between the hillcrest and Cameron Street when I first saw the van come out. The van was coming out of Cameron Street. I was doing approximately twenty-five miles an hour and when I saw this vehicle coming out into the street I touched my brakes and I seen that wasn't going to work. . . . I looked in that side mirror to see if there was anything beside of me, and it wasn't anything beside of me and I blowed the horn and cut the wheels sharp, just as sharp as they'd go. . . . I was right on him when I turned the wheels sharply to the right. I was in the center lane and the van was sitting right in front of me. It was setting right in my lane setting still. It had done stopped. It was completely in my lane blocking it. . . . I turned my wheels to the right because I didn't want to hit him head-on in that little old Jeep. I didn't want to hit them head-on in the side. If I hadn't turned my wheels to the right I would have hit them head-on right in the side. My vehicle came within two feet of this van. My Jeep went over and hit the curbing on Cameron Street and Maple Avenue and laid over on the side. . . . My opinion is that when I hit the curbing it was probably below twenty miles an hour, 'cause it laid over so easy. . . . As I was traveling north on Maple Avenue my vehicle was located approximately 200 feet south of the intersection of Cameron Street the first time I could see the intersection. There is a hill which prevented me from seeing the intersection of Cameron Street more than 200 feet away from it. . . . When I came up Maple Avenue and came over the hillcrest I didn't see a thing. When I got about halfway down the hill, I seen this yellow van dart out of Cameron Street in front of me, and I looked out the mirror on the right-hand side and didn't see nothing on that side. I touched my brakes and seen I wasn't going to stop and I cut it hard to the right to miss hitting them in the side. When I first saw the van I was about midways from this

intersection and I heard them say it was 166 feet and I'd say I must have been about 85 feet there. I was about halfway between the crest and Tucker and Cameron. . . . The van did not stop at the stop sign. I'm saying that it couldn't have stopped at the speed it was going. It was going pretty rapid. . . . It isn't true that when I came over that hillcrest Vicky Brown's van was already in South Maple Avenue. When I came over the hill, sir, I told you one time it was coming out of Cameron Street. When I came over the hill there and got halfway down, it went—she wasn't coming nowhere until I got halfway down and then she shot out of Cameron Street.

The exceptions on which plaintiff's assignments of error are based challenge the rulings of the trial judge in excluding testimony which tended to show that defendant Vicky Brown was negligent when she drove the van through the stop sign into the intersection and blocked plaintiff's lane of travel. Since the jury concluded that defendant Vicky Brown was negligent and that her negligence was a proximate cause of plaintiff's injury, any error committed by the trial judge in excluding this testimony could not have been prejudicial to the plaintiff. Plaintiff lost his case because the jury found that the plaintiff was negligent and that plaintiff's negligence was a proximate cause of his injuries. The excluded evidence was in no way relevant to the issue of contributory negligence.

No error.

Judges HILL and EAGLES concur.